Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>RONALD KEITH CHRISTIAN,<br><br>                    Defendant. | Case No. 3:06-cr-00016-RRB<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENT TO POLICE |

*Introduction*

Defendant, Ronald Keith Christian, by and through counsel Michael Dieni, Assistant Federal Defender, requests an order suppressing *all* of his statement to the FBI. He does so because the FBI interrogated him after police placed him under arrest, before advising Mr. Christian of his rights pursuant to *Miranda v. Arizona*, in violation of the Fifth Amendment. *Dickerson v. United States*, 530 U.S. 428, 444, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000).

*Facts*

In the late afternoon, early evening, January 30, 2006, Anchorage police arrested Mr. Christian as a suspect in a robbery that had occurred a short time earlier, a short distance away. Mr. Christian was placed in custody, while police conducted show-ups and did additional investigation. The Anchorage police who did the investigation apparently did not attempt to interrogate Mr. Christian. Instead, they transferred him to FBI custody, who later transported him to the FBI compound.

Shortly thereafter, FBI agents began interrogating Mr. Christian about a variety of factual matters, including his general residency, and social situation in the community, and whether he used illegal drugs. This round of questioning occurred before any advisement of Mr. Christian's *Miranda* rights. Next, the FBI finally did advise Mr. Christian of his *Miranda* rights and he asserted his right to remain silent.

*Argument*

*Miranda v. Arizona*, 384 U. S. 436 (1966), firmly establishes that before the government can use statements obtained from the defendant resulting from custodial interrogation, it must show both that the police adequately warned the defendant of his rights to remain silent and to have court appointed counsel, and that the defendant knowingly, voluntarily, and intelligently waived those rights.

Mr. Christian asserts that the FBI should have begun the interrogation with an advisement of his *Miranda* rights, and the pre-*Miranda* answers must be suppressed.

///

///

DATED this 16th day of March, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on March 16, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Larry D. Card, Esq.

/s/ Michael D. Dieni