Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>RONALD KEITH CHRISTIAN,<br><br>　　　　　　　Defendant. | Case No. 3:06-cr-0016-RRB<br><br>RONALD CHRISTIAN'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF A DNA SAMPLE |

　　　　　Defendant, Ronald K. Christian, by and through counsel Michael Dieni, Assistant Federal Defender, objects to the government's motion to compel production of a buccal swab sample from inside the body of Mr. Christian.  Mr. Christian asserts his Fourth Amendment right against unreasonable searches and seizures.

　　　　　The government's unsubstantiated assertion that a buccal swab does not implicate the Fourth Amendment is without merit.  See *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) (Fourth Amendment precludes involuntary taking of blood sample).  See also *Nicholas v. Goord*, 430 F.3d 652, (2d Cir. 2005) (Even less intrusive measures of obtaining physiological data, such as cheek swabs, can

constitute a search, since "[t]he ensuing chemical analysis of the sample" may also effect an "invasion of the [searchee's] privacy interests." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 616, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989)). As a result, without a court order that is based upon the standards set forth in the Fourth Amendment, the government is not eligible for a buccal swab.

The most prominent deficiency of the government's motion is the failure to provide evidence or information sufficient to show that there is probable cause that the search will produce evidence. To meet Fourth Amendment standards, the government must show that there is a "fair probability" that a search will produce evidence pertinent to the investigation of the offense. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

So far, the government has failed to provide proof that there is a suspect sample against which Mr. Christian's known sample could be compared. Without a suspect sample, there is *no chance* that the search of Mr. Christian could yield relevant evidence.

Finally, even if the government produces a suspect sample, any order requiring Mr. Christian to submit to a search must be by its own terms limited to this case. Mr. Christian requests, therefore, that the court issue an order limiting the use of Mr. Christian's DNA sample to the investigation of this case, for the purposes requested. Once this case is complete, the sample and related testing should be returned to Mr. Christian or destroyed.

*Conclusion*

The government's motion is premature. Without a proffer that the government has a suspect sample to compare to Mr. Christian, the government's motion is a fishing expedition in a pond with no fish. The government must establish the existence of a suspect sample before the government can claim that there is a "fair probability" that DNA testing will produce evidence.

DATED this 4th day of April, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on April 4, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Larry D. Card, Esq.

/s/ Michael D. Dieni