Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RONALD KEITH CHRISTIAN,<br><br>            Defendant. | Case No. 3:06-cr-0016-RRB<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Ronald Keith Christian, by and through counsel Michael Dieni, Assistant Federal Defender, submits his sentencing memorandum.  He requests a recommendation for access to the BOP 500 hour residential drug and alcohol treatment program, and a sentence at the low end of the guidelines.

The following memorandum discusses, point by point, the relevant factors from 18 U.S.C. § 3553.

*The Offense*

The offense is an unaggravated armed robbery with no physical attack seriously attempted and no injury suffered.  Drunk and drug-addled as he was,

Mr. Christian's efforts to rob the bank were half-hearted and had little chance for success. He entered the bank, uttered a few obscenities, waived a knife around, and ran without taking any money. The attempted robbery itself lasted only seconds. After he left the bank, he wandered around the Huffman Business Park near the bank. He was quickly apprehended about six blocks from the bank. As a final irony, it appears that the potential getaway driver was his N.A. sponsor.

*The Offender*

Ron Christian has a good side. Caroline Christian, Mr. Christian's mother, has written a letter to the court, which is attached as Exhibit A. Her words offer a fair summary of Mr. Christian's background. She correctly identifies Mr. Christian as a maladjusted young person who used street drugs and alcohol to cope. She also observes that when not using the drugs, Mr. Christian can be a decent person.

*The Guidelines*

The probation report correctly projects the U.S.S.G. guideline range at 63 to 78 months. The addendum to the PSR suggests that the government will argue for career offender status. The PSR recommendation, however, is completely correct. The PSR is correct not only for the reasons given, but also because Ninth Circuit case law compels the same result. As a matter of law, Mr. Christian cannot be found to qualify for career offender status under U.S.S.G. § 4B1.1(a).

To qualify for career offender status under the guidelines, Mr. Christian must have two prior felony convictions of violence (or drugs) that qualify for criminal history points. U.S.S.G. § 4b1.1. The 1991 robbery counts as one, but there are no other felony

crimes of violence that qualify for criminal history points (¶ 53). Mr. Christian, therefore, should not be treated as a career offender for guideline computation purposes.

The government, however, appears poised to try to argue that a non-violent burglary in the second degree in 1990 should count as a crime of violence (¶ 51). Presumably, the government will argue that the burglary should count because of an allegation that the burglary occurred in a dwelling. Indeed, if the State of Washington had convicted Mr. Christian of committing a burglary in a dwelling, then the government would have an argument that Mr. Christian should be treated as a career offender. U.S.S.G. § 4B1.2(a)(2). The State of Washington, however, got no such result.

Count III of the amended information to which Mr. Christian pleaded guilty in the State of Washington alleged *burglary in the second degree*, the entry into a *building*, in violation of 9A.52.030. Exhibit B.

The elements of Washington Code 9A.52.030 are quite specific that a violation of this statute occurs if the defendant "enters or remains in a building, *other than a vehicle or a dwelling*." Exhibit C (emphasis added). The key here is that the building is, by definition, "other than . . . a dwelling."

To analyze the issue, where there is no ambiguity in the underlying statute, the Ninth Circuit repeatedly has stated that the trial court must use the "categorical approach" of analysis of career offender status, and not look behind the charging document and the essential elements of the offense to make findings. *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006):

> The "categorical approach" outlined in *Taylor* governs our inquiry of the question whether a particular conviction satisfies the specified elements

of a sentence-enhancement provision.  Under the categorical approach, we do not examine the facts underlying the prior offense, but "look only to the fact of conviction and the statutory definition of the prior offense."  *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (*en banc*) (*quoting Taylor*, 495 U.S. at 602, 110 S. Ct. 2143.

There simply is no doubt that the formal finding of Mr. Christian's guilt in the Washington burglary in 1990 was based upon a crime for entry into a building "other than a dwelling."  Furthermore, there is no formal allegation of violence associated with the burglary in the second degree conviction.

For these reasons, Mr. Christian cannot be found to be a "career offender" under the guidelines.  The correct recommended guideline range is 63 to 78 months.

*Restitution and Fines*

Mr. Christian took no money.  He owes no restitution.  He lacks the ability to pay a fine.

*Objections to PSR*

None of Mr. Christian's PSR objections affect the guideline calculation.  They are noted here fore the record.

1. Military records, page 15, ¶ 75.  Though he had problems in the military, Mr. Christian did receive an "Honorable" discharge.  He has a DD-214 confirming this fact.

2. Education records, page 15, ¶ 75.  Mr. Christian took college courses at Central Arizona Community College.

      3.    Mr. Christian agrees he currently is facing a homicide charge as described on page 10, ¶ 59. He has pleaded not guilty and denies the facts alleged.

      4.    Mr. Christian agrees he was convicted of the charges set forth on page 8, ¶ 51, but he denies the underlying facts set forth on pages 8 and 9.

*Conclusion*

There is enough of a history of Mr. Christian falling down, due to drugs and alcohol, that it would be disingenuous for Mr. Christian to seriously seek leniency in the form of a sentence below the guideline recommendation. He accepts full responsibility for his conduct and requests a sentence commensurate with the offense, nothing more and nothing less. The guidelines, which incorporate the offense and Mr. Christian's history, achieve this end. His offense is nowhere near the worst in its category. He made no physical attempt to actually harm anyone, and he quickly ran away. A sentence at the low end of the guideline range is fair and just.

DATED this 26th day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mike_dieni@fd.org

<u>Certification</u>:

I certify that on October 26, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ Michael D. Dieni