NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500
email: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Case No. 3:06-CR-0016-RRB |
| ) | |
| Plaintiff,    ) | |
| ) | **MOTION TO CONTINUE** |
| v.    ) | **SENTENCING  HEARING** |
| ) | |
| RONALD CHRISTIAN,    ) | (filed on shortened time) |
| ) | |
| Defendant.    ) | |
| ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and hereby requests that the sentencing hearing, currently set for Thursday, November 2, 2006, be reset for the week of December 11, 2006.

As noted in the Final Presentence Report, the government disagrees with the finding that Christian is not subject to the Career Offender upward adjustment pursuant to USSG § 4B1.1.[1]  A defendant is considered a career offender if, among other things, he has a least two prior felony convictions of either a crime of violence or a controlled substance offense.  Christian was convicted of at least one crime of violence in 1991, when he was convicted of Robbery in the First Degree and sentenced to 20 years in prison.  However, in 1990, Christian was also convicted of Burglary in the Second Degree.

The determination of whether Christian is considered a career offender thus hinges on whether his conviction for Burglary in the Second Degree qualifies as a crime of violence.  A crime of violence under career offender includes a burglary of a dwelling.  USSG § 4B1.2(a)(2).  Here, we know Christian burgled a residence based on the Certification for Determination of Probable Cause filed with the Amended Complaint.  The residential address on the Certification matches the address included in the charging document.  However, the government cannot rely on the court using this information in its determination because the Certification was an affidavit attached to the Amended Complaint and not part of the charging document itself.  Under Taylor v. United States, 495 U.S. 575 (1990), only certain

---

[1] Final Presentence Report Paragraph number 34.

documents can be considered by the court when determining whether the burglary was of a dwelling.  In addition to the charging document, the court may also look to guilty pleas and jury instructions.  See United States v. Alvarez, 972 F.2d 1000, 1005 (9th Cir. 1992).

The government, with the help of agents and King County Court staff, is presently searching for the record of the change of plea and sentencing hearing of the Burglary conviction from 1990 in an attempt to establish for this court, using the appropriate documentation, that Christian was in fact convicted of a qualifying burglary.  The King County Court staff has recently informed the government that it needs additional time, even on an expedited basis, to retrieve the requested documentation and to provide a transcript of the record.  Christian's sentence in this case will differ dramatically depending on the outcome of this determination.  The government respectfully requests, therefore, that the government have an additional five weeks to attempt to track down this information and transcribe it for the court.  A continuance of approximately five weeks will not prejudice the defendant; his sentence under any scenario would not be less than the extension.

The government respectfully requests, therefore, that the court reschedule the sentencing hearing for the week of December 11, 2006 at a time convenient to the court.

RESPECTFULLY SUBMITTED this <u>31st</u> day of October, 2006 at Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>
>s/ David Nesbett
>Special Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500
>email: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on October 31, 2006 a copy of the foregoing was served electronically on:

Michael Dieni


s/David Nesbett_____