Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   vs.<br><br>RONALD KEITH CHRISTIAN,<br><br>               Defendant. | Case No. 3:06-cr-0016-RRB<br><br>MOTION TO RECONSIDER GOVERNMENT'S MOTION TO CONTINUE SENTENCING HEARING, *Filed on Shortened Time* |

       Defendant, Ronald Keith Christian, by and through counsel Michael D. Dieni, Assistant Federal Defender, moves this court for an order reconsidering the government's motion to continue Mr. Christian's sentencing hearing.  Mr. Christian recognizes that a delay in the sentencing does not prejudice his ability to present his case.  Nevertheless, it is important to note that the legal basis submitted by the government in support of its motion is inaccurate.  There is no basis in fact or law to delay sentencing.

       Both parties already possess all of the documents that can be considered in characterizing Mr. Christian's 1990 burglary.  Mr. Christian was not convicted of a burglary of a dwelling.  He was convicted of a burglary in the second degree.  The parties have the

judgement and the statute for review. That is all that the court can consider. The government has argued that it needs more time to try to get documents related to "guilty pleas and jury instructions" in order to attempt to make its case. Neither of these documents can be used by the government to determine "career offender" status under U.S.S.G. 4B1.1. The documents already known to the government and probation establish, without doubt, that Mr. Christian was not convicted of the burglary of a dwelling.

The law on this topic is clear. The court begins the analysis with the "unmodified categorical approach." To do this, the court looks "only to the fact of the conviction and the statutory definition of the prior offense." *United States v. Broussard*, 2006 WL 2528454, p. 3, (9th Circuit, September 1, 2006), *citing United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006). The court in *Broussard* went on to state that if the definition of the offense includes an offense that does not meet the statutory definition, the inquiry is at an end. In particular, the court in *Broussard* stated:

> If the court finds that the relevant statute would support a conviction that does not fit the Guidelines definition of 'a crime of violence,' then the conviction does not qualify as a predicate offense under the modified categorical approach. *Piccolo*, 441 F.3d at 1086.

As set forth in Mr. Christian's sentencing memorandum, and observed in the presentence report, Mr. Christian's 1990 conviction is for burglary in the second degree. This offense is defined by statute as the burglary of a building "not a dwelling." Under the categorical approach, therefore, for guideline purposes, Mr. Christian's offense is defined as the burglary of a building "not a dwelling." This definition, as a fundamental element of the offense of conviction, controls the inquiry. Under these circumstances, extraneous

documents such as those now sought by the government can never be used to increase the conviction.

Finally, the government's citation to the old case of *United States v. Alvarez*, 972 F.2d 1000 (9th Cir. 1992), is irrelevant to Mr. Christian's case. The *Alvarez* case dealt with the fundamental question of whether the elements of *any burglary* under California law met the generic definition of a burglary under federal law. *See Taylor v. United States*, 495 U.S. 575, 601, 110 S. Ct. 2143 (1990). No such ambiguity appears here. Washington statutory definitions of burglary meet federal standards. Because there is no need to look beyond the definitions of burglary under Washington law, there is no basis for looking behind the conviction and the elements of the offense underlying the conviction.

*Conclusion*

A delay in sentencing is unnecessary. The documents the government seeks will not add to the record the court must rely upon in assessing the prior conviction at issue here. A burglary in the second degree under Washington law is, by definition, not a burglary of a dwelling. This conviction, therefore, cannot count for career offender determination.

///
///
///
///
///

DATED this 1st day of November, 2006.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on November 1, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ Michael D. Dieni