NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-0016-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | <u>GOVERNMENT'S</u> |
| vs. | ) | <u>SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| RONALD CHRISTIAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, RONALD CHRISTIAN, who is scheduled to be sentenced on December 18, 2006. For the reasons provided below, the government for the most part concurs with the recommendations made by the final presentence report ("PSR"). However, the government respectfully recommends that the court sentence the defendant to 96

months in prison – a sentence equivalent to the high-end of the guideline range were the court to find that the Criminal History Category V more appropriately represents the defendant's history of criminal conduct.

I.   BACKGROUND

Following his arrest on January 30, 2006, and an initial appearance based on the Criminal Complaint filed the next day, the Grand Jury charged the defendant in an Indictment on February 22, 2006, with a single count of Attempted Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d).  On August 22, 2006, the defendant changed his plea and pled guilty to the single count of the Indictment.

II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Count 1 of the Indictment is twenty-five (25) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

B.   Sentencing Guidelines Calculation

The guideline imprisonment range pursuant to the United States Sentencing Guidelines as calculated in the PSR is 63 to 78 months in prison.

III.  ARGUMENT

The government respectfully recommends that the court employ its discretion post-<u>Booker</u> and sentence the defendant to 96 months in prison.

1. <u>A Sentence Above the Range Recommended by the PSR Is Appropriate</u>

If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.  USSG § 4A1.3(a)(1).  Criminal History Category IV under-represents both the seriousness of the defendant's criminal history and the likelihood that the defendant will commit other crimes.

A. <u>Defendant's Criminal History Category Under-Represents the Seriousness of Defendant's Criminal History</u>

As discussed at length in both the PSR and the government's previously filed Motion to Continue Sentencing, in order to qualify under the Career Offender pursuant to USSG § 4B1.1(a), the defendant must have two prior felony convictions of either a crime of violence or a controlled substance offense.  The defendant has one qualifying crime of violence – his conviction for First Degree Robbery wherein he was sentenced to 15 years in state custody.  The second, disputed, crime of violence was a conviction for Burglary in the Second Degree

from Washington in 1990, a mere 16 months (minus his time in custody) before his robbery conviction in Alaska. In order for the prior Burglary to count as a "crime of violence," it must be clear from the charging document or a plea of guilty that the burglary was of a dwelling. Here, it is abundantly clear from the Certification for Determination of Probable Cause filed with the Amended Complaint, which includes in it a post-Miranda statement from the defendant admitting that the burglary was of a residence, that the address described in the Complaint to which the defendant pled guilty was that of a dwelling. The Certification, however, was attached to the Indictment but not incorporated.

The government, after much diligence, was able to determine only that the recorded plea of guilty, the other source from which the court can determine whether the burglary was of a dwelling, which likely included a statement to that effect, had been destroyed. The government is forced to concede, therefore, that the appropriate documentation does not exist to sentence the defendant as a Career Offender.[1] The court is thus obligated to turn a blind eye to the obviousness of the truth that indeed the defendant's burglary conviction posed a risk of violence that was "a serious potential risk of physical injury to others." However, the court can

---

[1] Had the defendant been sentenced as a Career Offender, the sentencing range would likely have been in excess of 20 years in prison.

consider this fact when determining whether the defendant's criminal history category under-represents the seriousness of the defendant's criminal history.

### B. Defendant Is Likely to Commit Other Crimes

In addition, the court can consider the truly devastating wake of destruction left by the defendant any time he is out of custody when determining the likelihood that the defendant will commit other crimes – the second prong of the analysis pursuant to USSG § 4A1.3(a)(1). The defendant had 8 prior convictions between the ages of 18 and 24 (none of which counted toward his criminal history), and a total of 11 convictions, including the armed bank robbery in 1991, before robbing the bank in this case. Significantly, much of his criminal history falls outside the time range of the sentencing guidelines because his last conviction in 1991 was a sentence of 20 years in jail with 5 years suspended, or 15 years of active jail time. Furthermore, the defendant is facing murder charges stemming from an incident involving a drug deal gone bad that occurred two days before the defendant robbed the bank in this case. When reviewing the defendant's criminal history, it becomes clear that isolation is the sole condition that protects the public from the defendant's extraordinarily violent and dangerous conduct. It is equally as clear that the overwhelming evidence from his past

indicates that the likelihood that the defendant will re-offend, when released from custody, is next to certain.

The Criminal History Category IV under-represents the seriousness of the defendant's history of criminal conduct. The government respectfully recommends, therefore, that the court exercise its post-<u>Booker</u> discretion and sentence the defendant to 96 months in prison – equivalent to the high-end of the guideline range if the defendant's Criminal History Category were a V instead of a IV.

IV.   SENTENCING RECOMMENDATION

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence of 96 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **96 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $100.00** is, of course, required.

      RESPECTFULLY SUBMITTED this <u>14th</u> day of December, 2006, in Anchorage, Alaska.

                                            NELSON P. COHEN
                                            United States Attorney

                                            <u>s/ David A. Nesbett</u>
                                            Special Assistant U.S. Attorney
                                            222 West 7th Ave., #9, Rm. 253
                                            Anchorage, AK 99513-7567
                                            Phone: (907) 271-6306
                                            Fax: (907) 271-1500
                                            E-mail: david.nesbett@usdoj.gov
                                            Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2006,
a copy of the foregoing was served
electronically on:

Michael Dieni

<u>s/ David A. Nesbett</u>