Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>RONALD KEITH CHRISTIAN,<br><br>               Defendant. | Case No. 3:06-cr-0016-RRB<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM, *Filed on Shortened Time* |

Defendant, Ronald Keith Christian, by and through counsel Michael Dieni, Assistant Federal Defender, submits this opposition to the government's late-filed challenge to the Presentence Report (PSR) criminal history computation. The government seeks to re-define the sentencing guidelines computation from Category IV to V.  Neither the law nor the facts support the government's motion for this proposed upward departure. U.S.S.G. 4A1.3.

The probation officer has accurately concluded in the PSR that there is no basis for the government's claim.  PSR ¶ 100.  Indeed, months ago when the draft PSR was circulated, the government made no claim that an upward criminal history departure

should be considered in the event that the government failed in its argument regarding career offender. None of the arguments now submitted at the twelfth hour change the analysis.

The government has cited no law – and there is none – to support the argument that Mr. Christian should get a higher sentence because the non-violent 1990 burglary in the second degree conviction cannot be relied upon to make Mr. Christian a career offender. In fact, the current computation of the guidelines *does* consider that conviction. Mr. Christian gets three points, which pushed him from a criminal history Category III to a Category IV. Furthermore, even reduced to its alleged facts, there is no claim that this burglary was, indeed, a *violent* offense, the fundamental requirement for career offender status. Neither factually nor legally should Mr. Christian's criminal history change due to this 16 year old non-violent burglary in the second degree.

Likewise, none of the remaining points made in the government's brief establish the "type of information" the court is directed to consider when determining the potential for an upward criminal history departure. § 4A3.1(a)(2).

For example, the government argues, inaccurately, that Mr. Christian's criminal history should change from IV to V because he had a number of prior convictions in the 1980s that did not draw points in the criminal history computation. This is not a basis for changing the calculation. The guideline section relevant to upward departures for criminal history does state that the court should consider certain types of offenses not used in computing criminal history, such as foreign or tribal offenses. § 4A3.1(2)(A). In the guideline section that excludes foreign and tribal sentences from criminal history computation, the guidelines specifically invite the court to consider upward departures.

§§ 4A1.2(h) and (I). By contrast, however, the guidelines *do not* invite the court to consider out-dated criminal convictions. § 4A1.2(e) Clearly, it appears that the sentencing commission must have considered and rejected using out-dated convictions as a basis for upward criminal history departures.

The government also overlooks the clear requirements of the law when it argues that Mr. Christian's pending homicide charge should be considered as a basis for increasing criminal history. Criminal history is limited to verified convictions. The guidelines specifically "prohibit" using an arrest record as a basis for criminal history upward departure. § 4A3.1(a)(3).

*Conclusion*

None of the government's arguments for upwardly departing in the guideline criminal history category find support in the law governing this sentence. The government's brief may be well-placed as an argument for a sentence at the high end of the applicable guidelines, but it contains no legal basis for changing the guidelines. Mr. Christian, therefore, joins with the probation officer in asserting that no upward departures exist and that a standard guideline sentence is appropriate.

///

///

///

///

///

DATED this 15th day of December, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on December 15, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ Michael D. Dieni